UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID ALLEN PUST,

        Plaintiff,

  v.

CITY OF PLACERVILLE, et al.,

        Defendants.

NO. 2:09-cv-02730-MCE-JFM

**ORDER**

Presently before the Court is Defendants' Joint Ex Parte Application for Leave to File Summary Judgment Motions in this matter. By requesting that the Court authorize summary judgment motions to be heard after the July 28, 2011 deadline for doing so as set forth in the Court's Pretrial Scheduling Order ("PTSO"), Defendants in fact are seeking an amendment to the PTSO.

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16, as it did so here on February 3, 2010, the standards set forth by Rule 16 control. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

///

1

1   Prior to the final pretrial conference, a court may modify a
2   status order upon a showing of "good cause."  <u>See</u> Fed. R. Civ. P.
3   16(b).
4        Unlike Rule 15(a)'s liberal amendment policy which focuses
5   on the bad faith of the party seeking to interpose an amendment
6   and the prejudice to the opposing party, Rule 16(b)'s 'good
7   cause' standard primarily considers the diligence of the party
8   seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining
9   this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

16  <u>Id.</u> (citations omitted).
17       Here, the original PTSO was modified to extend the time for
18  filing expert disclosures to June 10, 2011, just six weeks before
19  any motions for summary judgment had to be heard on July 28,
20  2011.  Given the notice period for obtaining depositions
21  thereafter, as well as the 28-day period for noticing a motion
22  for summary judgment by July 28, scheduling constraints made it
23  virtually impossible for Defendants to both depose any expert
24  disclosed by Plaintiff and notice a motion for summary judgment
25  thereafter (based in whole or in part on that deposition
26  testimony) for hearing on July 28, 2011.
27  ///
28  ///

Defendants' motion indicates that in fact the deposition of Plaintiff's police practices expert, Barry Brodd, was not obtained until September 2, 2011.  According to Defendants, in his deposition testimony, Mr. Brodd completely departed from the prior opinions he discussed (through his report as provided in the initial expert disclosure) that defendant officers' actions in this matter were unreasonable.  Defendants state they asked Plaintiff to dismiss his action since Mr. Brodd conceded that all their actions were reasonable.  Defendants go on to claim that Plaintiff's counsel refused to do so, despite being informed that the defense intended to seek leave to file summary judgment motions if no dismissal was forthcoming.  Plaintiff counsel's response in that regard, as attached as Exhibit "3" to the present application, states that "I am sure you now regret your decisions not to file the motion for Summary Judgment timely, as per the Judge's scheduling order."  Letter from Peter B. Thiemann dated September 23, 2011, Ex. 2 to Defs.' App'n.

Defendants' Ex Parte Application seeks leave to file dispositive motions at this juncture because of changed, and altogether unexpected, developments that occurred after their previous decision not to seek summary judgment had been made. According to Defendants, despite a videotape and independent witnesses, they previously decided not to pursue summary judgment based "in large part due to Mr. Brodd's written opinion" and the triable issues of fact it presumably raised.  <u>See</u> Letter from Andrew T. Caulfield, Ex. "2" to Defs.' App'n.  Even Plaintiff concedes in opposition to this application that Brodd was "simply a terrible witness" and gave "a lousy deposition."

3

1  Pl.'s Opp'n, 2:23-26.  Plaintiffs nonetheless claim that they can
2  still overcome any summary judgment request by Plaintiffs,
3  although they are less clear on just how they believe a victory
4  in that regard can be accomplished.
5      Under the circumstances, the Court believes the unexpected
6  series of events represented by Mr. Brodd's testimony cannot be
7  attributed to any lack of diligence on the part of the defense.
8  To the contrary, Mr. Brodd's alleged turnabout did not occur
9  until after the dispositive motion deadline had passed, and
10 Defendants almost immediately began to request either a dismissal
11 or a stipulation for leave to file a late motion based on
12 Mr. Brodd's revised opinion.  Particularly since trial in this
13 matter has now been continued until February 4, 2013, the Court
14 concludes that Defendants have shown the requisite "good cause"
15 for filing summary judgment motions in light of Mr. Brodd's new
16 thoughts in this matter.
17     Defendants' Joint Ex Parte Application for Leave to File
18 Summary Judgment Motions (ECF No. 34) is accordingly GRANTED.
19 Any summary judgment motions submitted by Defendants in this
20 matter must be filed not later than thirty (30) days following
21 the date of this Order.
22     IT IS SO ORDERED.

Dated: February 7, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4